July 2, 1973

No. 26,875 United States v. William L. Calley, Jr., 1LT, U. S. Army (CM 426402).

The accused's appeal from a conviction by a general court-martial for offenses arising out of the "so-called My Lai incident" is pending undetermined in this Court. In a motion for alternative relief in the form of discovery or a special hearing to determine the existence and nature of certain documents, appellate defense counsel represent that current newspaper reports indicate that at the "behest" of the former Principal Deputy for Do-

mestic Affairs to the President of the United States, "investigations or interviews" into the My Lai incident were had. They seek production and discovery of all notes, reports, and memoranda obtained in such investigations or interviews. Additionally, counsel seek disclosure and discovery of records of "any electronic or other surveillance" of the accused and others in the period from June 1, 1969 through March 31, 1971. There is no allegation that any of the material as to which discovery is sought has any bearing upon evidence admitted at trial against the accused or that it constitutes matter that could have resulted in a more favorable verdict or sentence. Nor is it alleged that the putative investigation or interviews were conducted in any way violative of the United States Constitution or the Uniform Code of Military Justice.

In addition to the failure of appellant to show the materiality and relevancy of any information which may be disclosed, the factual predicate of his allegations are too insubstantial and tenuously founded to warrant further action by this Court under the provisions of 28 USC § 1651(a).

Accordingly, it is, by the Court, this 2d day of July 1973,

ORDERED:

That the "Motion for Discovery and/or Extraordinary Relief" be, and the same hereby is, denied.